**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Damon Brown, #357300, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2018-001981

—————

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

—————

Unpublished Opinion No. 2022-UP-029
Submitted December 1, 2021 – Filed January 26, 2022

—————

**AFFIRMED**

—————

Damon Brown, pro se.

Kensey Evans, of Columbia, for Respondent South Carolina Department of Corrections.

—————

**PER CURIAM:** Damon Brown appeals the Administrative Law Court's (ALC's) order affirming the calculation of his sentence by the South Carolina Department of Corrections (SCDC). On appeal, Brown argues (1) the ALC erred by affirming SCDC's calculation of his release date and (2) sections 24-13-100 and 24-13-150(A) of the South Carolina Code (2007 & Supp. 2020) are unconstitutional and should be

severed from section 44-53-375(F) of the South Carolina Code (2018). We affirm pursuant to Rule 220(b) of the South Carolina Appellate Court Rules.

First, the ALC did not err by affirming SCDC's calculation of Brown's sentence because his conviction under section 44-53-375(C)(1)(b) of the South Carolina Code (2018) is classified as a Class A felony, and pursuant to section 24-13-150(A), he must serve eighty-five percent of his fourteen-year sentence before being eligible for early release. *See Waters v. S.C. Land Res. Conservation Comm'n*, 321 S.C. 219, 226, 467 S.E.2d 913, 917 (1996) (holding "the burden is on appellants to prove convincingly that the agency's decision is unsupported by the evidence"); *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In determining whether the AL[C]'s decision was supported by substantial evidence, [the appellate] court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached."); S.C. Code Ann. § 16-1-90(A) (2015) ("The following offenses are Class A felonies and the maximum terms established for a Class A felony, not more than thirty years . . . apply . . . 44-53-375(C)(1)(b)."); S.C. Code Ann. § 24-13-100 ("For purposes of definition under South Carolina law, a 'no parole offense' means a class A, B, or C felony . . . which is punishable by a maximum term of imprisonment for twenty years or more."); S.C. Code Ann. § 24-13-150(A) ("[A]n inmate convicted of a 'no parole offense' as defined in Section 24-13-100 and sentenced to the custody of [SCDC] . . . is not eligible for early release, discharge, or community supervision . . . until the inmate has served at least eighty-five percent of the actual term of imprisonment imposed.").[1]

Furthermore, section 44-53-375(F) is not applicable to Brown's sentence because Brown was not sentenced to a mandatory or mandatory minimum sentence. *See* § 44-53-375(F) ("A person convicted and sentenced under subsection (C) . . . to

---

[1] Brown's conviction for distribution of cocaine, second offense, under section 44-53-370(b)(1) of the South Carolina Code (2018), would allow for Brown to be eligible for parole under the specific statutory language of that section. *See* § 44-53-370(b)(1) ("Notwithstanding any other provision of law, a person convicted and sentenced pursuant to this item for a first offense or second offense may have the sentence suspended and probation granted and is eligible for parole, supervised furlough, community supervision, work release, work credits, education credits, and good conduct credits."). However, his conviction under section 44-53-375(C)(1)(b), is controlling as a no parole offense.

a mandatory term of imprisonment of twenty-five years, a mandatory minimum term of imprisonment of twenty-five years, or a mandatory minimum term of imprisonment of not less than twenty-five years nor more than thirty years is not eligible for parole, extended work release . . . or supervised furlough. . . ."). Second, the ALC properly found Brown's constitutional issues were not preserved for ALC review because he did not raise them in either his Step 1 or Step 2 grievance. *See Young v. S.C. Dep't of Health & Envtl. Control*, 383 S.C. 452, 458, 680 S.E.2d 784, 787 (Ct. App. 2009) ("A court has a limited scope of review of the final decisions of administrative agencies and cannot ordinarily consider issues that were not raised to and ruled on by the agency from which an appeal is taken.").[2]

**AFFIRMED.**[3]

**THOMAS and GEATHERS, JJ., and HUFF, A.J., concur.**

---

[2] We also note the inmate grievance process was not the proper procedure for challenging the constitutionality of a statute. The ALC does not have the jurisdiction to determine the constitutionality of statutes and Brown should have brought his constitutional claims to the circuit court in a separate case. *See Al-Shabazz v. State*, 338 S.C. 354, 365, 527 S.E.2d 742, 748 (2000) ("The [Uniform Post-Conviction Procedure] Act[ (PCR Act)] now 'comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence.'" (quoting S.C. Code Ann. § 17-27-20(b) (2014))); *id.* at 383-84, 527 S.E.2d at 758 ("[T]he PCR process is restricted to collateral attacks challenging the validity of a conviction or sentence, except for two non-collateral matters specifically listed in the PCR Act."); *id.* at 384, 527 S.E.2d at 758 ("[A]n inmate may obtain review of [SCDC's] final decision in non-collateral or administrative matters under the [South Carolina Administrative Procedure Act (APA)] . . . ."); *id.* at 379, n.12, 527 S.E.2d at 755, n.12 ("When an inmate challenges the constitutionality of a statute, [SCDC] and the AL[C] must follow the statute and leave the question of whether it is constitutional to the courts.").

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.